## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CRAIG R. BECKER** | ) |
| **2A Rue Des Archers BTE 30** | ) |
| **7000 Mons, Belgium** | ) |
| | ) |
| **Petitioner/Complainant** | ) |
| | ) |
| **v.** | )       **Civ. No.** |
| | ) |
| **HONORABLE JAMES N. MATTIS** | ) |
| **Secretary of Defense** | ) |
| **1000 Defense Pentagon** | ) |
| **Washington, DC 20301** | ) |
| | ) |
| **HONORABLE RICHARD V. SPENCER** | ) |
| **Secretary of the Navy** | ) |
| **1000 Navy Pentagon** | ) |
| **Washington, DC 20301** | ) |
| | ) |
| **ADMIRAL JAMES W. CRAWFORD, III** | ) |
| **Navy Judge Advocate General** | ) |
| **Office of the Judge Advocate General** | ) |
| **1322 Patterson Ave, Suite 3000** | ) |
| **Washington Navy Yard, DC 20374** | ) |
| **Respondents/Defendants** | ) |

**PETITION FOR A WRIT OF MANDAMUS AND COMPLAINT FOR RELIEF UNDER**

**THE ADMINISTRATIVE PROCEDURE ACT**

Comes now the PETITIONER/COMPLAINANT, Lieutenant Craig R. Becker, United States Navy, by and through counsel, David P. Sheldon and Jeremiah J. Sullivan, III, and prays this Honorable Court for a Writ of Mandamus and for relief under the Administrative Procedure Act (APA). For the following, Petitioner LT Becker respectfully submits the Court should grant the requested relief herein.

## I. Introduction

1.  This action is brought against the Respondents to compel their action to request jurisdiction in Petitioner's international case as directed by the North Atlantic Treaty Organization (NATO) Status of Forces Agreement (SOFA) from the Belgian Government. The matter remains with the authority of the Respondents, who have improperly delayed any action on requesting jurisdiction from Belgium for over 19 months, to the detriment of the Petitioner, a highly decorated combat Naval Officer, who remains in foreign custody.

## II. Jurisdiction

2.  This is a civil action brought pursuant to 8 U.S.C. § 1329 (Jurisdiction of district courts) and 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1361 (Action to compel an officer of the United States to perform his duty). This Action is filed to reduce the deprivation of rights, privileges, and immunities secured to Petitioner by these statutes and to compel Respondent to perform a duty he owes Petitioner. Jurisdiction is also conferred by 5 U.S.C. §§ 702, 706 and 555. (Administrative Procedure Act).

3.  Petitioner Becker is entitled to have the Respondents enforce the NATO SOFA and request jurisdiction from the Belgian Government.

## III. Venue

4.  Venue is proper under 28 U.S.C. § 1391(e) because the principal Respondent/Defendant, James Mattis, is being sued in his official capacity as Secretary of Defense, a U.S. agency resident in this district.

5.  Respondent/Defendant is an official in the Department of Defense and is charged by law with the statutory obligation to enforce the NATO SOFA.

## IV. Parties

6.  Petitioner, Lieutenant Craig R. Becker, United States Navy, was born on April 28, 1981.  He enlisted as a Navy Deep Sea Diver in May 1999 and was commissioned as a Naval Officer on May 5, 2007.  LT Becker has continuously remained on active duty, is subject to the Uniform Code of Military Justice, and is guaranteed the protections of the NATO SOFA.

## V. Facts of the Case

7.  LT Becker is an Explosive Ordnance Disposal (EOD) Officer and a true war hero who has honorably served our country for over 18 years.  During this time, he completed 56 combat missions in support of Operation Enduring Freedom I and commanded EOD forces in support of over 150 Direct Action missions during Operation Enduring Freedom II, and was awarded two Bronze Stars including one for "Heroic Achievement."

8.  On or about 2 August 2013, LT Becker reported for duty at the Supreme Headquarters Allied Powers Europe (SHAPE) located in Mons, Belgium.  He served as an "Aide de Camp" to Vice Admiral Sean Pybus and Lieutenant General Brad Webb.  He was also assigned duties as the NATO Special Operations Force Readiness Advisor and NATO Special Operations Forces Counter-Weapons of Mass Destruction Advisor.

9.  On March 18, 2016, the Belgian authorities arrested and immediately incarcerated LT Becker. The alleged offense did not involve any Belgian citizens or property.  The only nexus to Belgium was the fact that the incident in question took place on Belgian soil.  The act of the Belgian Government incarcerating LT Becker for criminal charges immediately triggered the protections of the NATO SOFA.

10. The Department of Defense has historically secured jurisdiction under the NATO SOFA on behalf of service members.  The United States Government ratified the NATO SOFA in 1951 to protect our service members serving our country abroad. The United States has

3

leveraged this agreement to protect our service members from prosecution in foreign jurisdiction systems that do not recognize our constitutional guarantees.

11. It is the duty of the Department of Defense to protect, to the maximum extent possible, the rights of United States service members who may be subject to criminal trial by foreign courts and imprisonment in foreign prisons.

12. Enclosures 1 to Department of Defense Directive 5525.1, is the "Status of Forces Policy and Information" regarding the North Atlantic Treaty Organization Status of Forces Agreement, and it provides the following: "Where a person subject to the military jurisdiction of the United States is to be tried by the authorities of a receiving state, under the treaty the Commanding Officer of the armed forces of the United States in such state shall examine the laws of such state with particular reference to the procedural safeguards contained in the Constitution of the United States."

13. Department of Defense Directive 5525.1 provides further instruction on securing jurisdiction, "If, in the opinion of such Commanding Officer, under all the circumstances, there is danger that the accused will not be protected because of the absence or denial of constitutional rights the accused would enjoy in the United States, the Commanding Officer shall request the authorities of the receiving State waiver jurisdiction in accordance with the provisions of paragraph 3(c) of Article VII (which requires the receiving State to give "sympathetic consideration" to such request) and if such authorities refuse to waive jurisdiction, the commanding officer shall request the Department of State to press such request through diplomatic channels and notification shall be given by the Executive Branch to the Armed Services Committees of the Senate and House of Representatives."

14. LT Becker is being denied substantial Constitutional rights that are replete in the Belgian inquisitorial system. LT Becker will not be afforded his Constitutional rights to Speedy Trial, Jury Trial, or Confrontation. Instead, LT Becker has been abandoned in a system where the Belgian "Judge of Evidence" ordered the hypnosis of witnesses to construct evidence.

15. LT Becker, through counsel, has requested that the Department of Defense and the Department of the Navy assert jurisdiction under the NATO SOFA to; Secretary of Defense on February 23, 2017, Commander, SIXTH Fleet on February 28, 2017, Secretary of Navy on July 5, 2017, and again on August 3, 2017. LT Becker has not received any response from the Respondents.

16. The Respondents have admitted in a letter to Senator Marco Rubio that there are, "evidentiary concerns in U.S. proceedings . . . The evidence will likely be challenged in a U.S. court of law."

17. The Respondents have acknowledged that they will allow LT Becker to be prosecuted in a Belgian court with evidence that would be challenged in the United States court of law.

18. The Respondents have admitted that they are largely concerned about compelling witnesses to testify in a United States court of law.

19. The Respondents are forum shopping this case in a foreign court and circumventing the United States Constitution.

20. The Belgian Government has incarcerated LT Becker since March 18, 2016. He has appeared in 18 custody hearings. The Navy has wrongfully failed to provide court observers at every hearing.

21. The Belgian Government has not set the case for trial. LT Becker has been denied his Constitutional right to speedy trial for the past 19 months.

22.  The Belgian "King's Prosecutor" has indicated in court and in writing that the Belgians are prepared to relinquish jurisdiction in this case to the United States; however, they have not received any such request.

23.  The Department of the Defense and the Department of the Navy have refused to make any request to the Belgian Government to relinquish jurisdiction, which is in violation of the NATO SOFA.  Instead, the Respondents have engaged in unlawful international forum shopping.

24.  Ostensibly, the Respondents have determined that it will be easier for the Belgians to secure a conviction under their system; a system that does not provide the constitutional protections that LT Becker was prepared to die for on the battlefield.

25.  As of today, the Secretary of the Defense, Secretary of the Navy, and the Navy Judge Advocate General have willfully elected to ignore the NATO SOFA and have abandoned LT Becker.

## VI. CLAIMS

### Claim I: Mandamus Relief

26.  A mandamus plaintiff must demonstrate that: (i) he has a clear right to the relief requested; (ii) the Respondents have a clear duty to perform the act in question; and (iii) no other adequate remedy is available. Hamandi v. Chertoff, 550 F.Supp.2d 46, 53 (D.D.C. 2008).  The Petitioner certainly meets all three of these criteria.

#### i. *Petitioner Has a Clear Right to the Relief Requested*

27.  Respondents have deliberately, willfully, and unreasonably refused to enforce the NATO SOFA and request and secure jurisdiction from the Belgian government for more than 19 months, with full knowledge that Belgian judicial practices will not afford the Petitioner his

Constitutional protections.  Moreover, the Respondents have been notified that the Belgian government will readily relinquish jurisdiction.

### ii. *Respondents Have a Clear Duty to Perform the Act in Question*

28.  This Writ of Mandamus should be granted because Respondents owe Petitioner the duty to enforce the NATO SOFA.  See Donovan v. United States, 580 F.2d 1203, 1208 (3rd Cir. 1978), holding that Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act.  Under the NATO SOFA, the Respondents have a clear duty to request jurisdiction, particularly when a host nation does not oppose it.  As here, where the government has failed to take any action, the Court may order the Respondents to adjudicate an application or petition.  See e.g., Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997).

29.  Mandamus is also appropriate because the government has failed to act within a reasonable amount of time.  See Kim v. Ashcroft, 340 F.Supp.2d 384 (S.D.N.Y. 2004), noting that section 555(b) of the Administrative Procedure Act (APA) requires the government to act within a reasonable period.  Respondents have failed to take any appropriate action for more than 19 months.  Moreover, Petitioner and his counsel have repeatedly requested the Respondents take immediate action to enforce the NATO SOFA and have not received any response.

30.  Because Respondents have a clear duty to enforce the NATO SOFA and have failed to act within a reasonable period, the Court may order Respondents to promptly act.

### iii. *No Other Adequate Remedy is Available to Petitioner*

31.  The Writ of Mandamus ought to be granted because Petitioner has no alternative means of attaining action and his right to a decision on his request is "clear and indisputable." Allied Chemical Corps v. Daiflon, Inc., 449 U.S. 33, 35 (1980).  Over the last 19 months,

Petitioner has utilized all administrative means, short of filing suit, to procure action from

Respondents, including phone calls, e-mails, and letters.  As noted above, this has been to no

avail.  Because no other adequate remedy is available to Petitioner, this Honorable Court may

order Respondents to adjudicate and grant Petitioner's request for relief.

### Claim II:  Violation of the Administrative Procedure Act (APA)

32.  Petitioner re-alleges the allegations contained in Paragraphs 1 through 25 as though

fully set forth therein.

33.  Pursuant to the APA, a person adversely affected by agency action is entitled to

judicial review. 5 U.S.C. § 702.  Agency action includes the failure to act. *Id.* § 551(13).

Because the APA requires agencies to conclude matters presented to them "within a reasonable

time," *id.* § 555(b), a court may sometimes "compel agency action unlawfully withheld or

unreasonably delayed," *id.* § 706(1).  LT Becker has been denied substantial Constitutional rights

to include Speedy Trial for over 19 months because Respondents refuse to request jurisdiction

from the Belgian Government.

34.  The NATO SOFA directs the Department of Defense to protect, to the maximum

extent possible, the rights of United States service members who may be subject to criminal trial

by foreign courts and imprisonment in foreign prisons.

35.  Over 19 months ago, LT Becker was incarcerated by the Belgian government, which

triggered the protections of the NATO SOFA.  The Belgian "King's Prosecutor" is prepared to

relinquish jurisdiction when the United States has made the appropriate request.  The Department

of Defense does not want to request jurisdiction because they are concerned that some of the

evidence collected by the Belgian Government will not be admissible in a United States court of

law.

36. The Respondents have failed to enforce the NATO SOFA.  Such failure to act for more than 19 months, while a combat veteran remains in foreign custody, constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

### VII. Prayer for Relief

THEREFORE, Petitioner prays that this Honorable Court:

i. Compel Respondents and those acting for them to perform their duty in enforcing the NATO SOFA and request jurisdiction from the Belgian Government in the Petitioner's case.

ii. Grant him reasonable attorney's fees and costs under the Equal Access to Justice Act.

iii. And grant such other and further relief as this Honorable Court, in its wisdom, deems just and appropriate.

Date: _06 NOV 2017_                          Respectfully submitted,

Craig R. Becker

By counsel,

Jeremiah J. Sullivan, III
Law Offices of Jeremiah J. Sullivan, III
1034 25th Street, Suite 564
San Diego, CA 92102
Tel: (619) 578-5958
Fax: (619) 578-5995
Email: jjs@jeremiahsullivanlaw.com

David P. Sheldon
Law Offices of David P. Sheldon
1100 New Jersey Ave., Ste 720, SE
Washington, DC 20003
Tel: (202) 552-0018
Fax: (202) 546-0135
Email: davidsheldon@militarydefense.com
U.S. District Court Bar No. 446039